IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**CALVIN COLLINS and ZACHARY HALL,**     **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.     No. 7:20-cv-83

**PEL-STATE BULK PLANT, LLC,**     **DEFENDANTS**
**and WILLIAM H. BROYLES, II**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Calvin Collins and Zachary Hall (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Pel-State Bulk Plant, LLC, and William H. Broyles, II (collectively "Defendants" or "Defendant"), and in support thereof do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiffs, individually and on behalf of all others similarly situated, against Defendants for violation of the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), as further described herein.

2. The proposed Section 216 class is composed entirely of employees who are or were hourly-paid field hands for Defendants, who, during the applicable time period, work/worked for Defendants and are/were denied their fundamental rights under applicable federal wage and hour laws.

3. The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by Plaintiffs and the class members.

4. Plaintiffs, both individually and on behalf of all others similarly situated, brings this action under the FLSA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as a result of Defendants' commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated overtime compensation for all of the hours in excess of forty hours in a single week that they were/are made to work.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

6. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Midland-Odessa Division of the Western District of Texas; therefore, venue is proper within this District Pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff Calvin Collins ("Collins") is an individual and resident of San Patricio County.

9. Plaintiff Zachary Hall ("Hall") is an individual and resident of San Patricio County.

10. Defendant Pel-State Bulk Plant, LLC ("Pel-State"), is a Louisiana limited liability company, licensed to do business in the State of Texas.

11. Pel-State's registered agent for service in Texas is Incorp Services, Inc., 815 Brazos, Suite 500, Austin, Texas 78701-0000.

12. Pel-State is sometimes known by its d/b/a "Pel-State Services."

13. Defendant William H. Broyles, II ("Broyles"), is an individual and resident of Louisiana.

## IV. FACTUAL ALLEGATIONS

14. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. At all times relevant to this Complaint, Broyles was an officer and member of Pel-State.

16. At all times relevant hereto, Broyles had operational control over Pel-State.

17. At all times relevant hereto, Broyles had the power to hire and fire employees of Pel-State, and supervised and set wages and wage policies for Pel-State employees.

18. Defendants are an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

19. Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

20. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated).

21. Collins was employed by Defendants as a field hand, or more specifically as an hourly CDL Frac Operator, within the three (3) years preceding the filing of this Complaint.

22. Collins was employed by Defendants from around August of 2019 through March of 2020.

23. Collins worked out of Defendants' offices located at 11018 WCR 46, Midland, Texas 79707.

24. Hall was employed by Defendants as a field hand, or more specifically as an hourly fuel technician, within the three (3) years preceding the filing of this Complaint.

25. Hall has been employed by Defendants from around September of 2019 through the present.

26. Hall works out of Defendants' offices located at 11018 WCR 46, Midland, Texas 79707.

27. At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

28. As hourly-paid field hands, Plaintiffs' primary duties were to operate the equipment at Defendants' well sites.

29. Plaintiffs were classified as hourly employees the entire duration of their employment with Defendants.

30. Plaintiffs always or almost always worked in excess of forty (40) hours per week throughout their tenure with Defendants.

31. Plaintiffs have not received overtime compensation for all hours worked during weeks in which they worked more than forty hours.

32. Specifically, Plaintiffs were not paid for the time they spent loading and unloading Defendants' equipment at the yard before and after their shifts, as well as the time spent traveling to and from well sites.

33. Plaintiffs and the other hourly-paid field hands were and are entitled to 1.5 times their regular rate of pay for all hours worked in excess of 40 in a week.

34. Defendants paid Plaintiffs and other hourly-paid field hands overtime compensation for some hours worked in excess of 40 hours per week, but refused to pay Plaintiffs and other hourly-paid field hands for all hours, even though Defendants were aware of those additional hours worked.

35. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and their other hourly-paid field hands violated the FLSA.

36. Defendants' workers routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus, Defendants' employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V. REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

38.     Plaintiffs bring this claim for relief for violation of the FLSA as collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly field hands who were or are employed by Defendants and who are entitled to payment for all overtime wages earned which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

39.     Each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

40.     Plaintiffs and all similarly situated employees were classified as non-exempt from the requirements of the FLSA and are entitled to the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) per week;

B.     Liquidated damages; and

C.     Attorneys' fees and costs.

41.     The relevant time period dates back three (3) years from the date on which Plaintiffs' Original Complaint—Collective Action was filed, and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

42.     The proposed FLSA class members are similarly situated in that they share these traits:

A.     They had similar job requirements, duties and pay provisions;

B.     They worked over forty hours in at least some weeks;

C.     They were subject to Defendants' uniform failure to compensate employees pursuant to the requirements of the FLSA;

D. They were subject to Defendants' uniform failure to pay members of the class all overtime compensation in violation of the FLSA.

43. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The collective is defined as follows:

**All hourly field hands in the past three years.**

44. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

45. Plaintiffs are unable to state the exact number of the putative FLSA collective but believes that the collective membership exceeds 25 persons but is less than 250 persons. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

46. The names and physical and mailing addresses of the probably FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probably FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

47. The email addresses of many of the probably FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probably FLSA collective action plaintiffs via text or email to their last known email address as soon as possible.

## VI. FIRST CLAIM FOR RELIEF
**(Individual Claims for Violation of FLSA)**

48. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

49. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) hours per week. 29 U.S.C.S. § 207 (LEXIS 2013).

50. Despite Plaintiffs entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

51. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

52. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

53. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
(Collective Action Claim for Violation of FLSA)

54. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) hours per week. 29 U.S.C.S. § 207 (LEXIS 2013).

56. Defendants required Plaintiffs and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiffs and the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

57. Despite Plaintiffs and similarly situated employees' entitlement to overtime payments under the FLSA, Defendants deprived Plaintiffs and the similarly situated employees of overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

58. Defendants' conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

59. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

60. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Calvin Collins and Zachary Hall, each individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer herein as follows:

B. That Defendants be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiffs and the collective during the statutory period;

G. An order directing Defendants to pay Plaintiffs and members of the colective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CALVIN COLLINS and ZACHARY HALL, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com